# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **Elizabeth Lyons-Sherman,**<br>         *Plaintiff* | § <br> § <br> § <br> § | |
| **v.** | § <br> § | **Case No. 1:25-cv-01140-RP-SH** |
| **Commissioner of the Social Security Administration,**<br>         *Defendant* | § <br> § <br> § <br> § <br> § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:   THE HONORABLE ROBERT PITMAN**
**UNITED STATES DISTRICT JUDGE**

Before the Court are Plaintiff Elizabeth Lyons-Sherman's Opening Brief (Dkt. 5), Defendant's Brief in Support of the Commissioner's Decision (Dkt. 9), and the Social Security Record (Dkt. 4).[1]

## I.    Background

On June 25, 2010, an administrative law judge ("ALJ") determined that Plaintiff had a disability stemming from gastrointestinal disorders and disorders caused by osteoarthrosis since April 1, 2007. Dkt. 4-3 at 10-12. In his determination, the ALJ stated that medical improvement was expected with treatment and recommended "continuing disability review." *Id.* at 11.

In January 2022, a state agency medical consultant reviewed the record and determined that Plaintiff's impairments improved and she had a residual functional capacity ("RFC") to perform light work subject to exertional functional limitations, so she was no longer disabled. *Id.* at 17.

---

[1] The District Court referred this case to this Magistrate Judge pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the Court Docket Management Standing Order for United States District Judge Robert Pitman. Dkt. 3.

Plaintiff's benefits were scheduled to end on March 31, 2022. *Id.* at 20. She requested reconsideration, and another state agency medical consultant reviewed the record and agreed that Plaintiff was not disabled because she could perform light work with exertional functional limitations. *Id.* at 21-27. She then sought review by a Disability Hearing Officer ("DHO"), who determined that Plaintiff was no longer disabled. *Id.* at 34. Plaintiff appealed to an ALJ, who found the same. *Id.* at 52. On appeal, the Social Security Appeals Council vacated the ALJ's decision and remanded the case for evaluation of opinion evidence based on 20 C.F.R. § 404.1527. *Id.* at 60-61.

On remand, the ALJ issued a decision finding that Plaintiff's disability had ended and she had the RFC to perform light work subject to exertional and non-exertional limitations. Dkt. 4-2 at 21-31. The Appeals Council denied review. *Id.* at 8. Having exhausted her administrative remedies, Plaintiff sued, challenging the ALJ's decision under 42 U.S.C. § 405(g) and requesting remand for further proceedings. Dkt. 5 at 14.

## II.   Legal Standards

The Social Security Act defines "disability" as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Disability benefits may be terminated if substantial evidence shows that there has been any medical improvement in the individual's impairment or combination of impairments relating to the individual's ability to work she can engage in substantial gainful activity. *Id.* § 423(f). An eight-step process is used to evaluate possible terminations:

1.  Is the claimant engaged in substantial gainful activity? If so, the disability has ended.
2.  If not, does the claimant have an impairment of combination of impairments which meets or equals the severity of an impairment listed in Appendix 1? If so, the disability is continuing.

3. If not, has there been medical improvement?

4. If there has been medical improvement, is it related to the claimant's ability to do work?

5. If there has been no medical improvement, or if the medical improvement is not related to the claimant's ability to do work, is one of the exceptions to medical improvement applicable? If not, the disability is continuing.

6. If there has been medical improvement related to the claimant's ability to do work, or if one of the first group of exceptions is applicable, is the combination of impairments severe? If not, the disability has ended.

7. If so, is the claimant able to engage in past relevant work? If so, the disability has ended.

8. If not, is the claimant able to perform other substantial gainful activity?

*Griego v. Sullivan*, 940 F.2d 942, 944 n.1 (5th Cir. 1991) (citing 20 C.F.R. § 404.1594(f)). The

Commissioner bears the ultimate burden of proof in termination proceedings. *Id.*

Judicial review of the Commissioner's final decision is limited to two inquiries: (1) whether substantial evidence supports the Commissioner's decision, and (2) whether the Commissioner correctly applied the relevant legal standards. *Keel v. Saul*, 986 F.3d 551, 555 (5th Cir. 2021). If the Commissioner's findings are supported by substantial evidence, they must be affirmed. *Tillman v. Comm'r of Soc. Sec.*, No. 1:24-CV-00759-RP-SH, 2025 WL 926470, at *2 (W.D. Tex. Mar. 3, 2025), *R. & R. adopted*, 2025 WL 923510 (W.D. Tex. Mar. 26, 2025) (citing *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)).

The harmless error doctrine applies to Social Security cases, and courts will not vacate the Commissioner's decision unless the claimant's rights are substantially affected. *Id.* (citing *Shinseki v. Sanders*, 556 U.S. 396, 407-08 (2009)). The party seeking to overturn the Commissioner's decision has the burden to show that prejudice resulted from an error. *Id.* (citing *Jones v. Astrue*, 691 F.3d 730, 734-35 (5th Cir. 2012)).

### III.  Analysis

Plaintiff alleges that the ALJ erred by failing to explain his finding that the state agency medical consultants' opinions were entitled to great weight, assigning weight to the findings of the DHO, and making an RFC determination unsupported by substantial evidence. Dkt. 5.

### A.  Medical Consultant Opinions

Under the Social Security regulations, the ALJ must explain the weight given to each medical opinion. 20 C.F.R. § 404.1527(c). When evaluating the opinion, the ALJ must consider (1) the examining relationship between the expert and the claimant, (2) the treatment relationship, (3) the supportability of the opinion in medical signs and laboratory findings, (4) the consistency of the opinion with the record as a whole, (5) the expert's specialization, and (6) any other factors influencing the credibility of the opinion. *Id.*

Section 404.1527 merely requires that the ALJ decision reflects that consideration was given to each medical consultant's opinion in accordance with the factors. *Ihde v. Colvin*, 270 F. Supp. 3d 956, 964 (W.D. Tex. 2017); *see also* SSR 96–5p, 1996 WL 374180 (July 2, 1996) ("[a]djudicators must weigh medical source statements under the rules set out in 20 C.F.R. § 404.1527 and provide appropriate explanations for accepting or rejecting such opinions"). The ALJ does not need to follow formalistic rules when articulating the reasons for his credibility determination. *Neely v. Barnhart*, 512 F. Supp. 2d 992, 998 (S.D. Tex. 2007).

Plaintiff argues that the ALJ assigned great weight to state agency opinions "without any explanation" and with "no discussion of the evidence in reference to the opinions." Dkt. 5 at 12. She argues that the "ALJ relied primarily upon the opinions to find that Plaintiff had medically improved and no longer would require absences from the workplace due to her impairments." *Id.*

In his decision, the ALJ considered the medical opinions of record and cited the relevant § 404.1527(c) factors considered in assigning weight to those opinions. Dkt. 4-2 at 29. He stated

that there was no treating or examining physician opinion suggesting that Plaintiff is disabled or that she has greater limitations than those determined. *Id.* The ALJ also explained the opinions of the state agency medical consultants and determined that they were consistent with the totality of the evidence. *Id*. at 29-30. The ALJ did not explicitly address each factor in § 404.1527(c), but he was not required to do so. *Ihde*, 270 F. Supp. 3d at 964. This Magistrate Judge finds that the ALJ considered the medical opinions in light of the entire record and sufficiently explained the weight assigned and the additional limitations deemed necessary. *Neely*, 512 F. Supp. 2d at 998-99.

Plaintiff also argues that the ALJ erred as a matter of law by assigning great weight to the findings of the DHO. Dkt. 5 at 11. The parties agree that the DHO is not a medical source and could not give a medical opinion. *Id.* at 12; Dkt. 9 at 10. The Commissioner argues that the reference to the DHO's statement was a drafting error. Dkt. 9 at 10. The ALJ stated that he was considering "the opinions of the State agency medical consultants" but included a cite to Exhibit B6A, the DHO's hearing determination explanation. Dkt. 4-2 at 29.

The Court finds that it is unclear whether the ALJ considered the DHO's statements as opinion evidence or cited the exhibit in error. If he did consider the statement, as Plaintiff argues, the DHO "adopted the prior opinion of [a state agency medical consultant] for the Plaintiff's residual functional capacity assessment." Dkt. 5 at 11. The ALJ assigned that consultant's opinion great weight and found it consistent with the totality of the evidence. Dkt. 4-2 at 29-30. For that reason, the Court finds that the ALJ would not have reached a different opinion had it not considered the DHO's statements, and the error is harmless. Reliance on impermissible factors in assessing credibility is harmless error when a decision is overwhelmingly based on the consistent medical evidence in the record. *Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003).

**B.  RFC Determination**

Plaintiff argues that remand is required because "the RFC is not supported by substantial evidence." Dkt. 5 at 13. "Substantial evidence is merely enough that a reasonable mind could arrive at the same decision." *Tillman*, 2025 WL 926470, at *2 (quoting *Webster v. Kijakazi*, 19 F.4th 715, 718 (5th Cir. 2021)). A court can find that the Commissioner's decision was not supported by substantial evidence only if there are no credible evidentiary choices or medical findings to support the decision. *Id.* (citing *Whitehead v. Colvin*, 820 F.3d 776, 779 (5th Cir. 2016)). "The court does not reweigh the evidence in the record, try the issues de novo, or substitute its judgment for the Commissioner's, even if the evidence weighs against the Commissioner's decision." *Id.* (quoting *Newton*, 209 F.3d at 452). Conflicts in the evidence are for the Commissioner to resolve, not the courts. *Id.*

A claimant's RFC "is a determination of the most the claimant can still do despite his [or her] physical and mental limitations and is based on all relevant evidence in the claimant's record." *Kneeland v. Berryhill*, 850 F.3d 749, 754 (5th Cir. 2017) (quoting *Perez v. Barnhart*, 415 F.3d 457, 462 (5th Cir. 2005)). In determining a claimant's RFC, an ALJ "examines the medical evidence in the record, including the testimony of physicians and the claimant's medical records." *Webster*, 19 F.4th at 718.

Plaintiff argues that there "is significant evidence in the record supporting Plaintiff's testimony and the Agency's prior finding that she would be absent from work excessively." Dkt. 5 at 13. She states that the ALJ rejected evidence of the treatment related to her headaches and recurring abdominal pain and instead adopted outdated RFC proposals from state agency consultants. *Id.*

In his decision, the ALJ determined that Plaintiff has a severe combination of impairments but has "the residual functional capacity to perform work at the light level of exertion as defined in 20 CFR § 404.1567(b)," subject to exertional and non-exertional limitations. Dkt. 4-2 at 26. In making his determination, the ALJ considered Plaintiff's testimony that her migraines can "be brought on by flickering lights and also by loud noises," occur three to five times a month, and could last for many hours until she intervened, but she treats the pain with over-the-counter medicine and "a medication that aborts the migraine within an hour or two." *Id.* at 26-28. He also considered Plaintiff's testimony that she can homeschool her children, read, drive, and complete daily chores. *Id.* at 27. The ALJ considered medical records from 2023 and 2024 when Plaintiff reported that her medicine worked well to end a headache. *Id.* at 28.

The ALJ noted that Plaintiff reported abdominal pain lasting 30 minutes to an hour a few times a week. *Id.* at 28. The ALJ considered Plaintiff's testimony that she takes ginger and peppermint for her stomach pain and "controls it with her diet" rather than medication. *Id.* at 27. Again, he also considered Plaintiff's testimony that she homeschools her children, completes household chores, drives, has hobbies, and has been on vacations. *Id.* The ALJ referred to medical records from 2023 and 2024 that showed "her gastrointestinal exam was essentially within normal limits," her chronic gastritis was "inactive," and that constipation was usually resolved by diet. *Id.* at 27-28.

The ALJ thus considered the current treatment of Plaintiff's headaches and abdominal pain, as well as the testimonial and medical evidence, in determining her RFC. The ALJ did not simply adopt the RFC proposed by the state agency consultants but evaluated the evidence in the record and included additional limitations. *Id.* at 26-30. The ALJ's determination is supported by substantial evidence. *Acosta v. Astrue*, 865 F. Supp. 2d 767, 790 (W.D. Tex. 2012) (finding that

plaintiff's RFC was supported by substantial evidence when the ALJ evaluated medical opinions, medical records, and hearing testimony).

The Court finds that the ALJ sufficiently explained his finding that the state agency medical consultants' opinions were entitled to great weight, any weight assigned to the determination of the DHO was harmless error, and the ALJ's decision was supported by substantial evidence.

## IV.   Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **AFFIRM** the decision of the Social Security Commissioner. It is **ORDERED** that the Clerk remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable Robert Pitman.

## V.   Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on January 29, 2026.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE